```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS BAYLOR,                    :
         Plaintiff
                                  :

         vs.                      :   CIVIL NO. 1:CV-08-1060

PEDRO A. CORTES, in his official  :
capacity as Secretary of State for
the State of Pennsylvania; and    :
HARRY A. VANSICKLE, in his
official capacity as the Commissioner :
of the Bureau of Commissions,
Elections and Legislation;        :
         Defendants
```

*M E M O R A N D U M*

*I.   Background*

Plaintiff is seeking to be added to the November ballot for Pennsylvania's 29th Senatorial District. He has filed a three count complaint pursuant to 42 U.S.C. § 1983 against Pedro Cortes, in his official capacity as Secretary of the Commonwealth, and Harry Vinsickle, in his capacity as Commissioner of the Bureau of Commissions, Elections and Legislation (BCEL), alleging violations of his 1st and 14th Amendment rights. Count I alleges the Department of State (DOS) and BCEL denied Plaintiff equal protection of the law, and burdened Plaintiff's free speech and freedom of association rights by applying and enforcing a stricter standard than imposed by law. (doc. 1 at ¶¶ 33-35). Count II asserts DOS and BCEL, by refusing to recognize his candidacy prior to submissions of his nominating papers, unconstitutionally denied

him "equal political opportunity," and unconstitutionally burdened his "ability to associate." (doc. at ¶¶ 39, 40). Finally, Count III alleges the DOS 2001 Redistricting Plan amounts to illegal gerrymandering that unconstitutionally burdens candidates' rights to freely associate. (doc. 1 at ¶¶ 3, 43). Defendants have moved to dismiss pursuant to 12(b)(1) and 12(b)(6).

*II.   Standard of Review*

At the outset, we must determine whether the attack on jurisdiction is "facial" or "factual." *Mortensen v. First Federal Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir. 1977). For a facial attack, the court must " consider the allegations of the complaint as true." Id.  In contrast, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" when jurisdiction is attacked factually.  Id.  We are clearly dealing with a facial attack.

*III. Discussion*

   *A.  Count I*

Count I alleges DOS and BCEL denied Plaintiff equal protection of the law, and burdened Plaintiff's free speech and freedom of association rights by applying and enforcing a stricter standard than imposed by law for independent candidates.  (doc. 1 at ¶¶ 33–35).  Plaintiff alleges that in

2

order to be placed on the November ballot he must submit Nomination Papers by August 1, 2008. (doc. 1 at ¶ 1). The signatories of the Nomination Papers must be "qualified electors," however, the plaintiff alleges qualified electors are not required to be "registered voters" in Pennsylvania. (doc. at ¶ 31). The plaintiff alleges that in this case DOS and BCEL applied the policy of requiring "qualified electors" to also be "registered voters," thereby hindering his ability to run for office. (doc. at ¶ 2).

Under Pennsylvania law, a "qualified elector" must also be a "registered voter." The Pennsylvania Commonwealth Court held that under 25 P.S. § 2911(c) signers of Nomination Papers must be registered voters. *In re Nomination Papers of Rogers*, 908 A.2d 942, 946 (Pa. Commw. Ct. 2006). The Pennsylvania Supreme Court, in dicta, indicated that qualified electors who sign Nomination Papers must be previously registered to vote. *See In re Nomination Papers of Nader*, 580 Pa. 22, 47-48, 858 A.2d 1167, 1182 (Pa. 2004). DOS and BCEL applied Pennsylvania law, and this Court has no standing to dispute the decisions of two Pennsylvania courts regarding the qualifications of signers to Nomination Petitions.

Baylor's allegation that DOS and BCEL are applying a stricter standard than imposed by law clearly fails in light of Pennsylvania case law. Baylor's allegations are not supported by facts or law, and amount to bald assertions or incorrect

3

legal conclusions.  For the foregoing reasons, Count I will be dismissed for failing to state a claim.

    *B.   Count II*

Count II contends, by refusing to recognize his candidacy prior to submission of his nominating papers, DOS and BCEL unconstitutionally denied Plaintiff "equal political opportunity," and unconstitutionally burdened Plaintiff's "ability to associate." (doc. at ¶¶ 39, 40).  Plaintiff claims Defendants have denied these rights by not recognizing the plaintiff as an official candidate, thereby causing him difficulty in obtaining signatures and garnering media coverage.  (doc. 1 at ¶¶ 3, 24, 27-28).

Plaintiff fails to allege any set of facts that could be proven consistent with his allegations.  Candidates from smaller political parties and independent candidates must file nomination papers in order to be placed on the ballot.  25 P.S. §§ 2911 - 2941.  Pennsylvania's signature requirement was upheld, in *Rogers v. Corbett,* 468 F.3d 188 (3d Cir. 2006), as not violating the equal protection clause.  *Rogers* further held that the signature requirement for minor party candidates, before candidates are placed on the ballot, was not an unreasonable burden.  The requirement furthered the government's interest in avoiding ballot clutter and ensuring viable candidates are on the ballot.  *Rogers*, 468 F.3d at 794-195.

Plaintiff also fails to allege the media outlets that have refused to cover his campaign are state actors, as required under § 1983. The Supreme Court has held that "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan.* 526 U.S. 40, 50, 119 S.Ct. 977, 985 (1999).

Given that the Circuit Court has upheld the signature requirement in *Rogers* and the failure of the Plaintiff to allege facts that would be consistent with his allegations, Count II will be dismissed for failure to state a claim.

   *C.   Count III*

Count III alleges the DOS 2001 Redistricting Plan amounts to illegal gerrymandering that unconstitutionally burden his rights to freely associate. (doc. 1 at ¶ 3). Political gerrymandering has been defined as "'[t]he practice of dividing a geographical area into electoral districts, often of highly irregular shape, to give one political party an unfair advantage by diluting the opposition's voting strength.'" *Vieth v. Jubelirer*, 541 U.S. 267, 272 n.1 293 S.Ct. 1769, 1773 n.1 (2004)(quoting Black's Law Dictionary 696 (7th ed.1999). In *Vieth*, a plurality of the Supreme Court concluded "political gerrymandering claims are nonjusticiable." *Vieth,* 541 U.S. at 281. Additionally, the Court held that the Equal Protection Clause does not provide a "judicially enforceable limit on the

5

political considerations that the States ... may take into account when districting." Plaintiff, in his reply brief, acknowledges that "'[g]errymandering' alone presents a nonjusdictable [sic]" issue. (doc. 7 at 10)  Gerrymandering is not an appropriate subject for judicial review.  Count III will be dismissed.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 10, 2008

```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DENNIS BAYLOR,                       :
        Plaintiff
                                     :

        vs.                          :   CIVIL NO. 1:CV-08-1060

PEDRO A. CORTES, in his official     :
capacity as Secretary of State for
the State of Pennsylvania; and       :
HARRY A. VANSICKLE, in his
official capacity as the Commissioner :
of the Bureau of Commissions,
Elections and Legislation;           :
        Defendants
```

*O R D E R*

AND NOW, this 10th day of September, 2008, it is ordered that Defendant's motion to dismiss (doc. 5) is granted and Plaintiff's complaint is dismissed.  Plaintiff's motion for partial summary judgment (doc. 8) is denied as moot.

The Clerk of Court shall close the file.


                                /s/William W. Caldwell
                                William W. Caldwell
                                United States District Judge